OPINION
In December 1995, Douglas L. Leonard was indicted by a Franklin County grand jury on three counts of rape, two counts of felonious sexual penetration, and one count of gross sexual imposition, all of which alleged that he used force or the threat of force. The charges arose as the result of allegations that he had engaged in various sex acts with the seven-year-old daughter of his then-girlfriend. The offenses allegedly occurred during June, July, and November of 1995; at all relevant times, the parties involved resided together.
In March 1996, Mr. Leonard ultimately entered guilty pleas to two counts of rape without the "force" element, thereby becoming eligible for an indefinite sentence rather than a life sentence. He was sentenced to concurrent prison terms of six to twenty-five years.
On January 21, 2000, pursuant to R.C. Chapter 2950, the trial court conducted a hearing to determine whether Mr. Leonard should be classified as a "sexual predator." At the conclusion of the hearing, the court announced its decision that Mr. Leonard should be so classified. An entry journalizing this decision was filed the same date. The bases of the court's conclusion are discussed below in our discussion of the assignment of error.
Douglas L. Leonard (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:
 The trial court erred in finding Appellant to be a sexual predator.
A "sexual predator" is defined as a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Rape clearly qualifying as a "sexually oriented offense," the issue in a sexual predator hearing is whether the state has proven by clear and convincing evidence that the offender is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3); State v.Cook (1998), 83 Ohio St.3d 404. "Clear and convincing evidence" is more than a preponderance of the evidence but does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram
(1992), 82 Ohio App.3d 341, 346.
In making its determination that an offender is a sexual predator, R.C. 2950.09(C)(2)(b) provides that the court "shall consider all relevant factors, including, but not limited to, all of the factors specified" in R.C. 2950.09(B)(2), which are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexual oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Appellant argues that there was not sufficient clear and convincing evidence to support the trial court's sexual predator determination.
At the hearing, the parties stipulated to the following exhibits: State's exhibit No. 1 — copies of the indictment and sentencing entry; State's exhibit No. 2 — a copy of appellant's arrest record; State's exhibit No. 3 — appellant's institutional records, including a post-sentence report; and, State's exhibit No. 4 — a transcript of an interview of appellant conducted by a Columbus police detective in November 1995.
Appellant introduced into evidence the following documents. Defendant's exhibit A is a "Certificate of Completion" from the "PARKSIDE/Lo.C.I. I.M.A.G.E. Program" dated January 19, 1998. The certificate indicates that appellant successfully completed the "20 week Alcoholism/Substance Abuse and Literacy Program."
Defendant's exhibit B is an "inter-office communication" dated October 6, 1999, from James DeFeo, the psychologist supervisor of the Monticello Program of the Madison Correctional Institution Mental Health Services. The subject of the memo is "Program Screening Results" and reads, in pertinent part:
 As a result of the screening conducted on 10-04-1999, we are recommending that you complete Sex Offender Education, a twenty-four (24) week class, in order to become better informed regarding the important issues related to sexual abuse and offender treatment. * * * You will be notified when your class will begin.
 Also, based on the results of the screening assessment, we are not recommending that you participate in any additional sex offender programming prior to your release. This recommendation is based on an objective assessment of several factors which research shows indicate the likelihood of future offenses. While you probably would benefit from additional programming, limitation[s] in resources make it necessary to prioritize cases. Compared with other applicants, your screening results placed you in the lower risk category. Therefore, we have assigned a lower priority to your case for programming beyond Education. [Emphasis added.]
Finally, the last form of evidence introduced at this hearing was the testimony of Carl Miller, a psychology assistant with the Monticello Program for the treatment of sexual offenders. Mr. Miller administered, under the guidance and supervision of Dr. David Ellis, his supervising psychologist, a battery of screening tests to appellant to determine a "sex offender risk assessment." After Miller and Ellis reviewed appellant's record, the case history, and the results of the various tests, they determined that there is a "low risk" that appellant will commit other sexually oriented offenses. Miller testified at length regarding the bases for this assessment, including the nonexistence of most factors which would indicate a higher risk. Therefore, appellant contends, the record contains clear and convincing evidence supportive only of precisely the opposite of the trial court's finding.
In the court's January 21, 2000 entry journalizing its sexual predator determination, the trial court stated:
 Pursuant to R.C. 2950.09(C), this Court conducted a hearing * * * to determine whether * * * Douglas Leonard * * * is a "sexual predator." For the reasons stated on the record at the conclusion of that hearing, the Court determines by clear and convincing evidence that * * * Douglas Leonard * * * is a sexual predator. This finding is made pursuant to R.C. 2950.09(C) and pursuant to the factors set forth in R.C. 2950.09(B). [Emphasis added.]
The court's "reasons stated on the record" at the conclusion of the hearing were:
 First, of significance, is the age of the victim. We have a victim here that's seven years old. There was some mention made in his interview by the police department he indicated that the door was open, he didn't hold her in there, I think implying there was no force. I think that's somewhat ridiculous when he is a fully grown adult person in authority, i.e. the boyfriend of her mother, and she's a seven-year-old child.
* * *
 In this case we have multiple sex acts over multiple times. As I understand the facts in this case, we have digital penetration, we have cunnilingus, we have vaginal intercourse, at least from the record. So we have multiple types of sexual conduct, at least three that I know of, perhaps more. It seems to me that that should be of some import.
 Additionally, we have multiple — we only have one victim, that is true, albeit a seven-year-old victim. And we have multiple times. How many times? I'm not sure. I think over a period of 6 weeks or 8 weeks, depending on how you read the record, over that period of time we have sexual conduct with a 7-year-old, I am not sure how many times, 4 or 5, 6, maybe more. So again, I think multiple offenses are of some significance.
 I am not going to include this, but I wonder, this case was indicted as a life sentence case, i.e. forceful rape, of someone under the age of 13. Obviously, that was not the sentence that defendant received because it was a plea bargain worked out whereby that was taken off the table. But maybe it's worth some consideration, I don't know, but at least the Grand Jury found there was some force there. It was so indicted. So maybe that's a factor.
 Additionally, I think the P.S.I. was significant. * * * [T]he defendant said, and I quote, ["]I can't say that it won't happen again.["]
 If we are in the business, which apparently we are, in predicting future conduct, what is more significant, what is more telling than the defendant's own statement that: ["]I can't say it won't happen again["]? It seems to me that if I were to ignore such a statement, and it happened again, I would be in a pretty bad way. So those are my reasons for finding he's a sexual predator. I will so find and that will be all. [Tr. 46-49. Emphasis added.]
Given the above, the trial court did consider several statutory factors. However, the court also apparently considered some non-statutory factors, as the emphasized portions quoted above strongly suggest. We do not believe that the highlighted language falls within the scope of "all relevant factors," including the fairly broad factors (h) — "the nature of the offender's sexual conduct," or (j) — "any additional behavioral characteristics that contribute to the offender's conduct."
Specifically, the trial court expressly considered the circumstances of appellant's "plea bargain" in relation to the indictment. While the court observed that the grand jury's indictment included a finding of force but that the court would "not * * * include this," the court then proceeded to consider force as "maybe * * * a factor."
We are also troubled by the trial court's statement to the effect that if appellant were to reoffend, the court itself would look bad ("I would be in a pretty bad way.") If that were deemed an appropriate consideration under these or other circumstances, no offender would escape such classification or, for that matter, would ever be released from custody.
In addition, the trial court's recitation omits any consideration or discussion of the evidence presented by appellant, including the uncontroverted psychological opinion of his expert witness. The state presented as evidence only the documents listed earlier. The state neither called witnesses of its own nor presented any other evidence to refute appellant's expert.[1]
The opinion offered by appellant's expert goes to the very heart of the issue to be determined and the trial court's complete silence on this evidence undermines our confidence in the ultimate outcome. We have previously found similar problems presented by a trial court's lack of consideration of an expert's "uncontroverted testimony that appellant was a low risk to offend." State v. Frye (Dec. 2, 1999), Franklin App. No. 98AP-1496, unreported. In Frye, we vacated the trial court's predator determination because, inter alia, the trial court chose to discount the expert's testimony for no valid reason. Here, the situation is exacerbated given the trial court's omission of any reason for its rejection of the expert's uncontroverted testimony.
Given the state of this record, we conclude that the trial court erred in determining appellant to be a sexual predator.
This court has consistently vacated sexual predator determinations under similar circumstances. See, e.g., State v.Jackson (June 29, 2000), Franklin App. No. 99AP-1250, unreported;State v. Houston (June 8, 2000), Franklin App. No. 99AP-850, unreported; State v. Worthy (Nov. 12, 1999), Franklin App. No. 99AP-260, unreported.
The assignment of error is sustained.
Having sustained the assignment of error, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion. In the subsequent proceedings, the trial court should consider all relevant factors, but not specifications which were dismissed.
BROWN, J., concurs.
[1] In fact, on cross-examination, the expert steadfastly maintained his "low risk" assessment, notwithstanding the prosecutor's obvious attempts to elicit responses to the contrary. The prosecution dealt with this dilemma in his closing argument, stating that he "would contest" the expert's opinion; he then injected his own opinion, thus essentially testifying as his own expert under the guise of "argument."